Jenny Doling, Appearing Appellant Pro Se I realize I just said the first case. I guess it is the first case. I have to break habits. I also have to break the habit of asking if you want to reserve some time for rebuttal. Anyway, please go ahead with your argument. Thank you, Your Honor. Good afternoon. May it please the Court. I am Jenny Doling, Debtors' Counsel and the Appellant in this matter. Your Honors, the underlying case was a difficult Chapter 13, the hardest I had had in 23 years of practice. My clients hung on by a thread throughout the case and were determined to make it. We successfully defended against many motions to dismiss, and the debtors made all 78 monthly Chapter 13 plan payments. It was the final payment that triggered the events that resulted in the sanctions order against me. The debtors had moved to strip a second mortgage lien at the start of the case. That motion was granted subject to the debtors' completion of the plan. Unfortunately, when the trustee filed the notice of final cure, it came to light that the debtors were significantly behind on their mortgage. But they informed me that they had already applied for a loan modification, and we believed that loan modification would cure the default. I admittedly was distracted by my efforts to assist the debtors in saving the case and saving their home through that loan modification process that I negligently signed off on the standard Form 4003.2, which is the declaration for the final lien strip order upon completion of the case. It was part of our routine office checklist when we had Chapter 13 cases with lien strips that had been completed to timely submit that document to the court. However, I believe the court record is clear that I could not have intended to mislead the court by filing that routine document. I did not believe the debtors would have received the benefit of that lien strip order in the case if the case had been dismissed. Can I ask you a question about that? Yes. The truth or falsity of that statement, doesn't that depend on whether the direct mortgage payments are payments under the plan legally? I think it does depend on that, although that is not well-settled law in the Ninth Circuit. In other words, if the court had decided not to follow our decision and murdered about the direct payments being payments under the plan, your statement would have been correct. Correct, Your Honor. The other issue on that is a dismissed case is not a completed case, which that order requires. So I never would have intentionally misled the court. I just made a procedural error. Under 9011, the court must make an explicit finding of fact of bad faith or willful misconduct. This consists of something more egregious than mere negligence or even recklessness, as the Ninth Circuit has held in Fink v. Gomez and other cases. While I admit the bar is high to reverse a factual finding, I believe there is simply no evidence in the record whatsoever that proves I acted with fraudulent intent. In fact, I think the record proves the opposite because I repeatedly stated on the record that my clients would lose that lien strip on the second, that that lien would come back to life, that they could not afford to pay that mortgage payment. Let me ask you another question. It seems to me you probably could have at least avoided Rule 11 sanctions by withdrawing the request for the lien strip order because that's one of the things Rule 11 permits you to do is to withdraw the offending paper. But you didn't do that, right? And if you didn't, why not? I did not withdraw that, Your Honor, because I did not even believe that was an issue. It kind of blindsided me when, after my argument to save the case, the court then stated that he was going to set an OSC rate contempt regarding my – or rate sanctions, sorry, Your Honor – rate the filing of that order. So I was only at that point responding. I never – it actually didn't cross my mind that at that point I could still withdraw that document. If you'd realized that, would you have just pulled it back? In a heartbeat, I would have just withdrawn it. And I think my focus was very distracted as far as being – you know, there was a sanction order brought – or sanction OSC brought, and I'd never had that happen before. I think that – and I apologize for my hoarse voice. I've dealt with COVID, so it's been a little ways getting over that, but I've been over it for a few weeks. I've just got the lasting raspy voice. In this situation, I had repeatedly pleaded with the court not to dismiss my client's case. And I think I've expressed my intent that I never thought the debtors were going to get that second mortgage lien strip if the case was dismissed. So I don't think the record supports a finding for sanctions in this case. The sanctions must be based on bad faith and willful misconduct for egregious behavior. And I don't think that's been present in this case. A finding is clearly erroneous when, after reviewing the evidence, the appellate court is left with the definite and firm conviction that a mistake has been made. That is under the U.S. Supreme Court case U.S. v. U.S. Gibson and Company. The imposed penalty does not serve the purpose of deterrence here. It is punitive only. That's not to say I'm not greatly deterred by exercising more caution in the future with regard to situations like that. So, Your Honors, I regretfully made an unfortunate procedural mistake, but I did not make an intentional misrepresentation to the court. And I respectfully ask this court to reverse the lower court's decision. And I'm happy to answer any other questions the court may have. I've got just one. Putting aside the factual issue for a second, you want to tell us, articulate for us what the standard ought to be when a court on its own motion is concluding that you violated Rule 11 or otherwise it does something that should be sanctionable. I mean, there's some case law out there that suggests that's a little bit higher bar than when a party asserts it. Do you want to address that for us? Yes, Your Honor. I believe in our brief, one of the things, if I can flip to my page, give me one second. The finding of fact is clearly erroneous when, after reviewing the evidence, the appellate court is left with the definite and firm conviction that a mistake has been committed. But it can't just be a basic mistake. There has to be intent. There has to be an intent to defraud the court or make a fraudulent misrepresentation to the court. And here, I don't believe that clear mistake was made on the record. I think the record shows that my conduct was not to intend to get the court to do anything by misrepresentation of the facts. Admittedly, that argument was late to the party because we did file that document with the court, and the court did feel misled by that. But I think by the testimony and the arguments I made through all three different hearings, I kept repeating that the debtors were going to lose this lien strip, that they had made it 78 months. And I think that is what shows I was just advocating for my client. We were just trying to save the case. They had made it so long. And I know it may seem like a bad case when there's been multiple, I think there were 18 motions to dismiss in this case. But I would like to look at it on the other side of that in the fact that we successfully overcame those and got the debtors to the 78th month. Had I known that they were late on the mortgage prior to that, we would have been more proactive in addressing that situation before the court. But I did not know that. So I think what Judge Lafferty was trying to get at, if I'm understanding his question correctly, and I could be wrong, so I apologize if I'm misleading you, but he's concerned that it's clear that you filed something that was wrong and that made a misstatement. And if the court had relied upon that and signed the order, it would have been not only embarrassed, it would have actually entered something that it didn't intend to enter, relying on you. So where does the court decide, is it just a factual question or can the court simply act on the fact that you took a proactive position, you made an assertion that was factually incorrect, that you knew was incorrect when you made it, and you presented it to the court as if it was true with the idea that it would act upon that situation. Does the court then have to examine you and ask you why you did it and rely upon your reactions, or can it objectively evaluate that this was an act that was done without factual support, clearly in violation of what the circumstances were, and affirmatively asserted something that you knew was untrue? So does that satisfy the rule I think is where he was trying to get, but maybe I'm misstating that. So go ahead. Well, I think what you're stating, let me say it this way. It was a negligent error. It was not an intentional error. And I think had the court not recognized that and entered the order and then the case had been dismissed, I would have let the court know, hey, I think we need to revoke that order. And in the past I have seen things come up, not where there's been a misrepresentation, but where an order should not have been entered, and we just, you know, have reached out to the clerk and said, hey, I don't think this order should have gone through, you know, that sort of thing, or reached out to the trustee in that case. And I don't think we got to that point in this because it went straight to the sanctions issue, and that's where my focus was. Let me, I thank Judge Gant for his clarification. At the other side of what I was saying is kind of more like this. When a party raises Rule 11, it's I'm having to take a position I shouldn't have to take because it's something frivolous somebody else has done. When a court raises it, it's really this is, this offends the integrity of the system, and nobody else is spending any money, but I have to get involved. I think there's an argument that when a court does this, the standard is just a little bit higher in terms of whether one has really violated Rule 11 or not. For a court to be involved, it really has to be effectively an abuse of the system. And you would tell me that's just not what happened. Is that fair? That is very fair, Your Honor. Okay. I mean, elaborate if you want to, but that's one way of looking at it. Yeah, and I is regretful. It's unfortunate that it got to this point. I made the mistake of having my attention focused or being distracted on let's get this loan modification through. The debtors had done all they could do. They had paid all the trial payments. Creditor's counsel had informed the court that same day that the debtors had done all they could do and that they were just waiting for their client to submit the loan modification agreement for the debtor's signature. And I really felt having we had done all of that to resolve this, that that would have just taken care of it and we could have moved on. I had not thought about the lien strip order until the court raised that at the end of the hearing. I could see a situation where you were relying on that to try to leverage the dismissal motion, to try to get it to be saying, hey, well, you signed a prior order. You've already decided so. But that wasn't in the game plan. You weren't trying to take advantage of the court and mislead the court. It was an unfortunate mistake that you didn't catch that it had gone out before the dismissal hearing had been completed. Yes, that is true, Your Honor. And it's regretful. My reputation matters to me. My word matters to me. I spend an awful lot of time teaching bankruptcy, and this is one of the things I'm adding to my class, you know, watching out for those things. And since then, we immediately corrected our checklist procedure that if there are other hearings pending, we do not submit these orders. We wait. Any more questions from the panel? I'm done. Thank you. Okay. Unless there's something else you want to say, we can wrap up now. You have a minute left. No, Your Honor. Thank you so much for hearing me, and I appreciate it. Okay. Thank you. The matter is submitted. And that's our only matter for today, so court's in recess. Thank you. Thank you.
judges: Faris, Lafferty, and Gan